IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARVIN LEON CLAIR,

    Petitioner,

v.                                       Civil Action No. 5:18CV20
                                                (STAMP)

DEWAYNE HENDRIX,
Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Marvin Leon Clair, filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge filed a report and recommendation recommending that this matter be dismissed with prejudice. ECF No. 26 at 16. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id. at 16-17. Neither party filed objections.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## II. Facts

The pro se petitioner is currently incarcerated at FCI Morgantown, where he is serving a sentence imposed by the United States District Court for the Eastern District of Virginia. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which he alleges that the Federal Bureau of Prisons ("BOP") unlawfully, arbitrarily and capriciously expelled him from the second phase of residential drug abuse ("RDAP") treatment. Id. at 5. In the attached memorandum of law in support of his petition, the petitioner argues that "[a]lthough the treatment staff has discretion in the assessment of a program participant's progress . . . [t]he treatment staff must cite unsatisfactory progress or inappropriate behaviors (i.e. plural or multiple) that can not be resolved with intervention prior to expulsion." ECF No. 1-1 at 4 (emphasis omitted). The petitioner states that "[t]he isolated incident . . . for which no incident report nor formal warning was issued simply does not meet the threshold for expulsion." Id. at 5 (emphasis omitted). The petitioner asserts that the Northern District of West Virginia has "opined that [two] formal warnings was an adequate standard to support expulsion in the follow-up care module." Id. Specifically, the petitioner requests that the Court rescind his discharge from the program and direct FCI Morgantown to place him back in the follow-up portion of the RDAP, to be completed at FCI

2

Morgantown.  Id. at 6.  The petitioner has also filed two supplemental briefs in support of his petition.  See ECF Nos. 4 and 7.

The respondent then filed a motion to dismiss or in the alternative, a motion for summary judgment.  ECF No. 13.  In the accompanying memorandum, the respondent argues that the BOP's decision to expel petitioner from the RDAP is not subject to judicial review.  ECF No. 13-1 at 5-7.  Moreover, the respondent argues that the petitioner's claims are meritless because: (1) inmates do not have a liberty interest in early release from a valid sentence, and (2) the BOP has broad discretion to expel the petitioner.  Id. at 8-12.  Lastly, the respondent notes that the petitioner has been readmitted into the RDAP program at FCI Morgantown, and has received all the relief he is entitled.  Id. at 12-13.  In support of his motion to dismiss, the respondent attaches a declaration by a BOP Psychology Treatment Programs Coordinator at the Mid-Atlantic Regional Office, Christina Ganz, Psy.D. ("Dr. Ganz"), indicating that the petitioner did not actively participate in the program, and that he received formal warnings of expulsion.  ECF No. 13-2 at 1-4.

The petitioner filed a response to the respondent's motion to dismiss, or in the alternative, motion for summary judgment.  ECF No. 20.  The petitioner first argues that judicial review is available when an agency acts outside its statutory limits or has

3

violated the Constitution, and that since the petitioner is alleging the "BOP violated its own statute . . . review is appropriate." Id. at 4-5. In response to the respondent's arguments that the petitioner's claims are meritless, the petitioner asserts that the program violated its standards. Id. at 5-6. He also contends that the case is not moot even though he was readmitted to the RDAP program at FCI Morgantown, since "[i]f the [C]ourt provides the relief requested, [p]etitioner will be immediately placed back in follow-up services, where he was wrongfully expelled, and will withdraw from the entry program." Id. at 6. The petitioner further asserts that although he may not have a liberty interest in early release, he has a right to have his case heard in order to change allegedly improper action. Id. at 8.

The petitioner then filed a motion to strike Dr. Ganz's declaration. ECF No. 19. In the motion, the petitioner argues that Dr. Ganz does not have personal knowledge to testify regarding the matters stated in the declaration. Id. at 2.

The respondent filed a response to the petitioner's motion to strike. ECF No. 21. In the response, the respondent asserts that Dr. Ganz's declaration consists of facts, not speculation, opinions, or inferences. Id. at 2. Specifically, the respondent notes that in order to perform her duties, Dr. Ganz has access to official records. Id. at 2-3. Moreover, the respondent alleges

that Dr. Ganz became personally involved in the petitioner's case while he was incarcerated in another part of her region. Id. at 3.

The petitioner then filed a reply to the respondent's response to petitioner's motion to strike. ECF No. 22. In the reply, the petitioner asserts that Dr. Ganz's contact with him "has nothing to do with [his] claims in the instant case." Id. at 1.

The petitioner has also filed a motion to expedite. ECF No. 24. In that motion, the petitioner explains that "[h]is current home confinement eligibility date is set by the [BOP] for 12/18/18. However, if the Court rules in [his] favor and places him back into RDAP follow-up care, he would be subject to immediate release." Id. at 2.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge finds that under 18 U.S.C. § 3621, enrollment in the RDAP, and receipt of its benefits, is within the discretion of the BOP. Id. at 11. Moreover, the magistrate judge notes that the petitioner does not argue a sufficient liberty interest affected by his expulsion to support a due process claim. Id. at 14. The magistrate judge also finds that given the petitioner's documented history of non-compliance with program requirements, and his observed failure to apply treatment concepts, the BOP's actions "do[] not reach a conscious shocking level of arbitrariness, justifying federal habeas corpus relief." Id. at 15. Lastly, the magistrate judge notes that under 28 U.S.C. § 550.53(g)(1), "[i]nmates may be removed from the program by the Drug Abuse Program Coordinator because of disruptive behavior related to the program or unsatisfactory progress in treatment." Id. at 16. The magistrate judge thus recommends that respondent's motion to dismiss or, in the alternative, for summary judgment be granted, that the petitioner's petition be dismissed with prejudice, and that the petitioner's motion to strike and motion to expedite be denied. Id. at 16. This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 26) is hereby AFFIRMED and ADOPTED in its entirety.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     December 18, 2018

                                                          /s/ Frederick P. Stamp, Jr.
                                                          FREDERICK P. STAMP, JR.
                                                          UNITED STATES DISTRICT JUDGE